IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| Olga M. Ashby-Bacon, | : | |
| Debtor. | : | Bankruptcy No. 16-10003-MDC |

# MEMORANDUM

Before the Court for consideration is debtor, Olga M. Ashby-Bacon's (the "Debtor") objection to Proof of Claim Number 1 (the "Objection"). Claim Number 1 (the "Claim") was filed by Debtor's mortgagee, U.S. Bank National Association, as Trustee, successor in interest to Bank One, National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp. CFSB Mortgage-Backed Pass-Through Certificates, Series 2002-30 ("U.S. Bank") as a secured claim in the amount of $36,969.26. The Debtor objects to the Claim alleging that it exceeds the amount of a pre-petition judgment in mortgage foreclosure entered in favor of U.S. Bank in the amount of $25,654.00 (the "Judgment"). The Debtor contends that any amount in excess of the Judgment is barred because the underlying mortgage merged into the Judgment and was extinguished. U.S. Bank opposes disallowance of the additional amounts alleging that the mortgage did not merge into the judgment and the provisions in the mortgage entitling it to payment of interest, costs and expenses that accrued post-judgment remain in effect.

For the reasons discussed below, the Court will overrule the Objection. While Pennsylvania law provides that a judgment in mortgage foreclosure results in the merger of the mortgage into the judgment, the Debtor failed to establish that the mortgage merged into the Judgment. Specifically, the Debtor failed to submit into evidence a copy of the Judgment or provide the Court with any information regarding the provisions of the Judgment. As such, the Court cannot find that the mortgage in question merged into the Judgment.

**F**ACTUAL **B**ACKGROUND

On January 2, 2016, the Debtor commenced this Chapter 13 bankruptcy case. The Debtor filed her Chapter 13 plan (the "Plan") on February 7, 2016.[1] The Plan provides, in relevant part, that the Debtor will pay $25,654.00 to U.S. Bank, the amount of the Judgment issued by the Philadelphia Court of Common Pleas in favor of U.S. Bank on July 24, 2014, and against the Debtor in connection with her real property located at 36 East Seymour Street, Philadelphia, Pennsylvania.

On May 23, 2016, U.S. Bank filed the Claim asserting a secured claim in the amount of $36,969.26, including principal in the amount of $22,695.72, interest in the amount of $5,727.86, fees and costs in the amount of $4,221.41 and escrow deficiency in the amount of $4,324.27.

On August 3, 2016, the Debtor filed her objection to the Claim, alleging that the Claim is limited to the Judgment and any amounts in excess of the Judgment were barred under Pennsylvania law because the underlying mortgage merged into the Judgment and was extinguished.[2] U.S. Bank responded to the Objection alleging that the mortgage did not merge into the Judgment because it clearly evidenced an intent to preserve the effectiveness of the mortgage provisions post-judgment and as such was excepted from the merger doctrine.[3]

On November 3, 2016, the Court held a hearing on the Objection. Counsels for the Debtor and U.S. Bank appeared and advised that there were no disputed facts and the resolution of the Objection required only a legal determination by the Court. The Court ordered the parties to submit briefs setting forth the legal arguments in support of their positions by September 30, 2016, and continued the hearing to November 3, 2016.[4] U.S. Bank late filed its brief in support.[5] No brief was filed on behalf of the Debtor. The continued hearing was held and counsel for both parties appeared and argued.

---

[1] Bankr. Docket No. 16.
[2] Bankr. Docket No. 39.
[3] Bankr. Docket No. 43.
[4] Bankr. Docket No. 44.
[5] Bankr. Docket No. 45.

2

**LEGAL DISCUSSION**

Section 502(a) of the Code provides that a proof of claim "is deemed allowed, unless a party in interest ... objects." 11 U.S.C. §502(a). In the face of an objection to a proof of claim, the Third Circuit Court of Appeals has held that if the proof of claim alleges facts sufficient to support the legal liability asserted, the claimant's initial obligation to go forward is satisfied, *i.e.*, the proof of claim itself makes out a *prima facie* case. The burden of production then shifts to the objector to offer evidence sufficient to negate the *prima facie* validity of the filed claim. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir.1992).

Fed. R. Bankr. P. 3001(f) also addresses the evidentiary burdens in claims objection litigation. Rule 3001(f) provides: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." If a claimant complies with the rules of court, the proof of claim achieves *prima facie* evidentiary status through Rule 3001(f). In effect, a proof of claim that complies with the rules of court serves as both a pleading and as trial evidence, even in the face of an objection to the claim. *See In re O'Brien*, 440 B.R. 654, 664 & nn.14-15 (Bankr. E.D. Pa. 2010). It follows that if the claimant's proof of claim satisfies Rule 3001(f), the burden of going forward with evidence contesting the validity or amount of the claim shifts to the objector. To meet this burden, the objector's evidence "if believed, [must] refute at least one of the allegations that is essential to the claim's legal sufficiency." *Allegheny Int'l*, 954 F.2d at 173-74.

In a claims objection contested matter in which a proof of claim is *prima facie* valid and the objector meets its burden of production, the ultimate burden of proof remains with the claimant. *See Allegheny Int'l*, 954 F.2d at 174; *In re Gimelson*, 2004 WL 2713059, at *13 (E.D. Pa. Nov. 23, 2004); *In re Galloway*, 220 B.R. 236, 244 (Bankr. E.D. Pa. 1998). Thus, once the objector has presented evidence, the claimant may then need to offer additional evidence to carry its burden of persuasion. *See U.S. (I.R.S.) v. Baskin & Sears, P.C.*, 207 B.R. 84, 86 (E.D. Pa. 1997) ("[a]s in non-bankruptcy law, bankruptcy claimants seeking damages must prove their entitlement").

Here, the Debtor objects to the Claim on the basis that U.S. Bank has included amounts that are barred by the Pennsylvania merger doctrine. Specifically, the Debtor contends that U.S. Bank foreclosed upon the mortgage she issued to it and as a result the mortgage "merged into the foreclosure judgment and thereafter no longer provide the basis for determining the obligation of the parties." *In re Dukes*, 1997 WL 860676, at *6 (Bankr. E.D. Pa. 1997) (quoting *In re Stendardo*, 991 F.2d 1089, 1095 (3d Cir. 1993)[6]). The only proof the Debtor has offered in support of her position is that the Judgment was entered. However, the Debtor did not submit the Judgment into evidence or offer any information regarding the Judgment. The Debtor concludes that the mortgage merged into the Judgment. However, the Judgment may or may not have resulted in a merger. This Court is unable to make a determination whether the mortgage merged into the Judgment without any evidence of the terms of the Judgment. As a result, the Debtor failed to meet her burden of establishing that the amounts in excess of the Judgment must be disallowed.

**CONCLUSION**

The Debtor's objection to U.S. Bank's proof of claim is overruled. The Debtor failed to establish that the Judgment at issue resulted in a merger of the mortgage. Absent a review of the Judgment, the Court is unable to make such a determination.

Dated: December 14, 2016

_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

---

[6] *In re Stendardo* remains the leading precedent on this question in the Third Circuit. In that case, the debtors had filed a Chapter 13 bankruptcy case after the mortgagee had filed a mortgage foreclosure action and obtained a judgment against them. 991 F.2d 1089. The mortgagee then filed a proof of claim in the bankruptcy case including the amount from the judgment as well as the cost of post-judgment, pre-petition insurance premiums and real estate taxes. *Id*. at 1092-3. The debtors, requesting the application of the merger doctrine, argued that the mortgagee was not owed the insurance premiums or real estate taxes. *Id*. at 1093. The Third Circuit agreed with the debtors, stating that under Pennsylvania law, the merger doctrine resulted in the nullity of the mortgage following judgment and entitled a mortgagee to, for example, only the legal rate of interest rather than the rate specified in the mortgage. *Id*. at 1095.

Document      Page 5 of 5

Roger V. Ashodian, Esquire
Regional Bankruptcy Center of SE PA
101 West Chester Pike, Suite 1A
Havertown, PA 19083

Jacqueline M. Chandler, Esquire
Office of the Chapter 13 Trustee
P.O. Box 40119
Philadelphia, PA 19106

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

Courtroom Deputy
Eileen Godfrey